**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____
                                    :
DANIEL GALIANO,                     :
                                    :     Civil Action
            Plaintiff,              :     06-3990 (JAP)
                                    :
        v.                          :     **O P I N I O N**
                                    :
STATE OF NEW JERSEY et al.,         :
                                    :
            Defendants.             :
_____:

**APPEARANCES:**

   DANIEL GALIANO, #97-A-4895
   Plaintiff pro se
   Green Haven Correctional Facility
   Stormville, New York 12582

**JOEL A. PISANO, United States District Judge**

Plaintiff DANIEL GALIANO (hereinafter "Plaintiff"), currently confined at Green Haven Correctional Facility, Stormville, New York, seeks to bring this 42 U.S.C. § 1983 action in forma pauperis without prepayment of fees pursuant to 28 U.S.C. § 1915. Plaintiff submitted his application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) (1998). Plaintiff also submitted for filing his complaint (hereinafter "Complaint"). Plaintiff's Complaint named the following parties as Defendants in this action: the State of New Jersey "via the New Jersey State Attorney General" and John Does 1 and 2 (prosecutor of Plaintiff's criminal case). See Compl. § 3.

Plaintiff's Complaint asserts that "Plaintiff was convicted of arm[ed] robbery," id. § 6, and Plaintiff's sentence was imposed in violation of various state and federal provisions.[1]  See id. §§ 6, 7.  Plaintiff now seeks relief in the form of "compensatory damages of $ 9,000,000.00" and "punitive damages of $ 3,000,000.00."  Id. § 9.

**STANDARD OF REVIEW**

In 1996, Congress enacted the Prison Litigation Reform Act ("PARA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).  Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous."  Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants.  However, in determining the sufficiency of a complaint, the Court must be

---

[1] It appears that Plaintiff makes the total of nine claims, each stating Plaintiff's view as to why the sentence was improper.  See Compl. § 6.

mindful to construe it liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, lend credit to a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.  Thus, "[a] pro se complaint may be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).  Under this standard, Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted.

## DISCUSSION

At the outset of this discussion, the Court wishes to note that Defendants named in Plaintiff's Complaint are absolutely immune from suits brought under § 1983.[2]  However, Plaintiff's

---

[2] The Eleventh Amendment provides that the "[j]udicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  "This immunity is based on a two-part presupposition:  (1) each State is a sovereign entity in our federal system, and (2) it is

failure to name a "proper" defendant is not the key reason why Plaintiff's Complaint is subject to sua sponte dismissal, without allowing Plaintiff an opportunity to amend his Complaint. Rather, Plaintiff's Complaint should be dismissed because the claims set forth in the Complaint are not viable at the current juncture.

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any

---

inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent." In re Sacred Heart Hosp. of Norristown v. Pennsylvania Dept. of Public Welfare, 133 F.3d 237, 241-42 (3d Cir. 1998) (citations and internal quotation marks omitted).
    Since the Eleventh Amendment has been interpreted as preventing suits in federal court against states, or state officials if the state is the real party in interest, Hindes v. Federal Deposit Insurance Corp., 1998 WL 65978, at *16 (3d Cir. Feb. 19, 1998), and it is settled that "an official-capacity suit against a state officer is not a suit against the official but rather is a suit against the official's office. As such it is no different from a suit against the State itself." Hafer v. Melo, 502 U.S. 21, 26 (1991) (citation and internal quotation marks omitted), Plaintiff's claims against the State of New Jersey or the Attorney General are barred.
    Plaintiff's claims against prosecutors of Plaintiff's underlying criminal case are similarly barred because prosecutors are also absolutely immune from actions under § 1983 for "initiating and pursuing a criminal prosecution." Kalina v. Fletcher, 522 U.S. 118 (1997) (quoting Imbler v. Pachtman, 424 U.S. 409 (1976)).

>     rights, privileges, or immunities secured by
>     the Constitution and laws, shall be liable to
>     the party injured in an action at law, suit in
>     equity, or other proper proceeding for
>     redress.

To state a claim under § 1983, a plaintiff "must indicate: (1) of what constitutional or federal right he was deprived, and (2) how he was deprived of that right under color of state law." Gibson v. Superintendent of N.J. Dept. of Law and Public Safety, 411 F.3d 427, 433 (3d Cir. 2005); see also West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970).

"When evaluating a claim brought under § 1983, [the court] must first 'identify the exact contours of the underlying right said to have been violated' in order to determine 'whether [plaintiff] has alleged a deprivation of a constitutional right at all." Natale v. Camden County Correctional Facility, 318 F.3d 575, 581 (3d Cir. 2003) (quoting County of Sacramento v. Lewis, 523 U.S. 833, 841 n.5 (1998)); accord Gibson, 411 F.3d at 433 ("The first step in evaluating a § 1983 claim is to identify the specific constitutional right infringed").  The Court next determines whether the defendant can be held liable for that violation. Natale, 318 F.3d at 581; Berg v. County of Allegheny, 219 F.3d 261, 275 (3d Cir. 2000).

Liberally construing Plaintiff's allegations, the Court reads the Complaint as asserting that Plaintiff's conviction and/or

sentence in the underlying criminal case deprived him of liberty in violation of due process of law.

However, the *exclusive* federal remedy for an inmate challenging the fact or the length of his confinement is a petition for a writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475 (1973).  "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  Preiser, 411 U.S. at 500; see also Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Brown v. Fauver, 819 F.2d 395 (3d Cir. 1987).

Moreover, to the extent that Plaintiff seeks pecuniary relief or any relief other than Plaintiff's release, his claims have not accrued because a favorable judgment would necessarily imply the invalidity of his underlying criminal conviction.  See Heck v. Humphrey, 512 U.S. 477 (1994).[3]  Where success in a plaintiff's § 1983 damages action would implicitly question the validity of confinement, the plaintiff must first achieve favorable termination

---

[3] The Supreme Court held in Heck v. Humphrey, 512 U.S. 477 (1994), that an action under § 1983 seeking damages for allegedly unconstitutional conviction or incarceration is not cognizable under § 1983 unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  Heck, 512 U.S. at 486-7.

of his available state, or federal habeas, opportunities in order to obtain relief under § 1983 the underlying decision to confine him.  See Muhammad v. Close, 540 U.S. 749, 751 (2004).  Because federal habeas petitions may not be granted unless available state court remedies have been exhausted, see 28 U.S.C. § 2254(b)(1)(A), "conditioning the right to bring a § 1983 action on a favorable result in state litigation or federal habeas serve[s] the practical objective of preserving limitations on the availability of habeas remedies." Id.

Plaintiff's allegations in the instant Complaint do not indicate that his criminal conviction has been overturned or invalidated in the state courts, or called into question by the issuance of a writ of habeas corpus.  Thus, at this time, Plaintiff's challenge to the outcome of the underlying criminal proceedings is not cognizable under § 1983 and should be dismissed without prejudice.

### CONCLUSION

The Court grants Plaintiff's application to file the Complaint in forma pauperis and DISMISSES the Complaint WITHOUT PREJUDICE.

An appropriate order accompanies this Opinion.

DATED: August 28, 2006

/s/ JOEL A. PISANO
United States District Judge

Original: Clerk
cc:      Judge Hughes
         All Parties
         File